UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SANDFORD, | Case No. 2:25-cv-0434-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO PD, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against defendants Sacramento Police Department and the City of Sacramento. Because this court lacks subject matter jurisdiction, I recommend that the complaint be dismissed without leave to amend. I will grant plaintiff's application to proceed *in forma pauperis*, which makes the showing required under 28 U.S.C. § 1915(a).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

1  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
2  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
3  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
4  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
5  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
6  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
7  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
8  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
9  n.2 (9th Cir. 2006) (en banc) (citations omitted).

10  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
11  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
12  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
13  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
14  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
15  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
16  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

17  **Analysis**

18  Plaintiff alleges that his daughter was assaulted in July, and that defendants Sacramento
19  Police Department and City have negligently managed her case. ECF No. 1. Plaintiff states that
20  he filed a police report, sent the police a video of the assault, and called and visited the police
21  department multiple times, yet the department has not taken action. *Id.* at 2. The complaint also
22  states that the perpetrator of the assault has violated a restraining order and threatened to sue
23  plaintiff and his family. *Id.* Plaintiff brings his claims under California Senate Bill 2, the Federal
24  Torts Claim Act ("FTCA"), and California Penal Code section 11108.1. *Id.* at 3.

25  This court lacks subject matter jurisdiction. Plaintiff has alleged only one federal claim:
26  violation of the FTCA. The FTCA waives sovereign immunity and grants federal district courts
27  exclusive jurisdiction over claims against the United States for "personal injury or death caused
28  by the negligent or wrongful act or omission of a federal employee 'acting within the scope of his

2

office or employment.'" *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (internal quotation marks omitted) (quoting 28 U.S.C. § 1346(b)(1)). However, the complaint does not allege any tort committed by a *federal* actor. *See Carrillo v. United States Dep't of Just.*, No. 1:20-cv-00762-AWI-SAB, 2020 WL 3035156, at *2 (E.D. Cal. June 5, 2020) (explaining that the plaintiff's FTCA claim was properly dismissed because he could not attribute local law enforcement actions to the federal government). Separately, because both plaintiff and defendants are residents of California, there is no diversity jurisdiction. *See* ECF No. 1-1 at 1 (plaintiff list his and defendants' addresses in California); 28 U.S.C. § 1332. Therefore, this court lacks jurisdiction. *See McDaniel v. Hinch*, No. 2:17-cv-02448-KJM-CKD (E.D. Cal. July 11, 2018) ("[W]ith no stated claim triggering either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for lack of jurisdiction. Fed. R. Civ. P 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).").

The court should not exercise supplemental jurisdiction. 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see Parra v. PacifiCare of Ariz. Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) ("[O]nce the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining claims."). Even if the court were to exercise supplemental jurisdiction, plaintiff's claims are not cognizable.

Plaintiff seeks relief under California Penal Code section 11108.1, but that statute is inapplicable. Section 11108 requires local law enforcement authorities to submit descriptions of serialized stolen property, which includes stolen vehicles, to the Department of Justice.[1] Cal. Pen. Code § 11108(a). Further, section 11108 applies to "[e]ach sheriff or police chief executive," and, on its face, does not impose a mandatory duty on either defendant. *See Guzman v. Cty. of Monterey*, 46 Cal. 4th 887, 902 (2009) ("There is no mandatory duty imposed on a public entity if the specified enactment is inapplicable to that entity.").

---

[1] The court understands plaintiff to be referencing California Penal Code section 11108 instead of California Penal Code section 11108.1, because the latter does not appear in the California Penal Code.

3

1    Plaintiff next seeks relief under California Senate Bill 2 for defendants' failure to act on
2    his daughter's assault. ECF No. 1 at 3. The court understands plaintiff to be citing the Kenneth
3    Ross, Jr. Police Decertification Act. *See* S.B. 2, 2021-2022, Leg., Reg. Sess. (Cal. 2021).

4    This Act amended California's Bane Act and several penal code sections. Of importance,
5    this Act requires the Peace Officer Standards and Training Commission ("POST") to "revoke the
6    certification of a certified peace officer if the person is or has become ineligible to hold office as a
7    peace officer pursuant to Section 1029 of the Government Code." *Id.* In addition, POST may
8    "suspend or revoke the certification of a peace officer if the person has been terminated for cause
9    from employment as a peace officer for, or has while employed as a peace officer, otherwise
10   engaged in, any serious misconduct." Cal. Pen. Code § 13510.8(a)(2). This Act, however, does
11   not "provide a method by which a private citizen could bring a civil action in this Court to seek
12   the revocation or suspension of an officer's certification." *Betts v. Mendivil*, No. 3:23-cv-0907-
13   LL-BGS, 2024 WL 1521574, at *5 (S.D. Cal. Apr. 8, 2024).

14   Given that the jurisdictional deficiencies cannot be cured by amendment, I recommend
15   that the dismissal be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.
16   1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend,
17   leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di*
18   *Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to
19   amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be
20   cured by amendment.") (internal quotation marks omitted).

21   Accordingly, it is hereby ORDERED that plaintiff's application to proceed *in forma*
22   *pauperis*, ECF No. 2, is granted.

23   Further, it is RECOMMENDED that:

24   1. Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend for lack of
25   subject matter jurisdiction.

26   2. The Clerk of Court be directed to close this case.

27   These findings and recommendations are submitted to the United States District Judge
28   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

4

1  service of these findings and recommendations, any party may file written objections with the
2  court and serve a copy on all parties.  Any such document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
4  within fourteen days of service of the objections.  The parties are advised that failure to file
5  objections within the specified time may waive the right to appeal the District Court's order.  *See*
6  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
7  1991).

IT IS SO ORDERED.

Dated:     February 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE